UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYSHAWN WILCOX, #651417,

                Petitioner,

                                        CASE NO. 2:15-CV-11664

v.                                    HONORABLE PAUL D. BORMAN

JOE BARRETT,

                Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.      Introduction**

Michigan prisoner Rayshawn Wilcox ("Petitioner") has filed a pro se petition for a writ
of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions and
sentences.  Petitioner was convicted of felon in possession of firearm ("felon in possession"),
MICH. COMP. LAWS § 750.224f, carrying a concealed weapon ("CCW"), MICH. COMP. LAWS §
750.227(2), and possession of a firearm during the commission of a felony ("felony firearm"),
MICH. COMP. LAWS § 750.227b, following a jury trial in the Wayne County Circuit Court.  He
was sentenced to concurrent terms of two to 10 years imprisonment on the CCW and felon in
possession convictions and a consecutive term of two years imprisonment on the felony firearm
conviction 2012.  In his pleadings, he raises a double jeopardy claim, a jury instruction claim,
and a sentencing claim.

Promptly after the filing of a habeas petition, a federal district court must undertake a
preliminary review of the petition to determine whether "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). The court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, the Court finds that habeas relief is not warranted and denies the petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.    Facts and Procedural History

Petitioner's convictions arise from an attempted traffic stop in Detroit, Michigan on May 31, 2012 in which he crashed his car, left a gun behind in the car, and fled the scene. The Michigan Court of Appeals summarized the incident as follows:

> On May 31, 2012, at approximately 12:40 a.m., Detroit Police officers attempted a traffic stop of a vehicle that was traveling 60 miles an hour in a 30 mph zone. The vehicle accelerated, ran a red light, and crashed into a Dodge Ram pickup truck. A police officer observed defendant jump from the driver's seat of the vehicle and toss a handgun onto the driver's side floorboard before fleeing on foot. Officers later arrested defendant in a vacant house near the accident scene. Defendant was charged with felon in possession of a firearm, CCW, and

2

felony-firearm. The jury convicted defendant of all three offenses.

*People v. Wilcox*, No. 313547, 2014 WL 1004234, *1 (Mich. Ct. App. March 13, 2014) (unpublished).  For purposes of this opinion, the Court also accepts the statement of facts summarizing the trial testimony set forth in Petitioner's brief.  *See* Pet., pp. 2-4.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same three claims presented on habeas review.  The court affirmed Petitioner's convictions but remanded for the limited purpose of correcting the judgment of sentence to reflect that his felony firearm sentence is concurrent to his felon in possession sentence.  *Id*.  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order.  *People v. Wilcox*, 496 Mich. 866, 850 N.W.2d 480 (2014).

Petitioner then filed his federal habeas petition.  He raises the following claims:

I.     Both of the state courts demonstrated an unreasonable application of federal precedent law where Petitioner's cumulative punishments for both CCW and felony firearm and felon in possession constitute multiple punishments for the same offense which are in clear violation of state and federal double jeopardy protections embodied in the Fifth Constitutional Amendment of the United States Constitution.

II.    Petitioner was deprived of his Fifth and Fourteenth Amendment constitutional rights when the trial court erred by ordering Petitioner's sentence for CCW to run consecutively to his sentence for felony firearm where CCW was not the underlying offense for the felony firearm charge – it was felon in possession of a firearm.

III.   Petitioner was deprived of his Fifth and Fourteenth Amendment constitutional rights when the court failed to properly charge the mens rea element of the underlying felon in possession charge.

3

**III.    Standard of Review**

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively

4

unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"  *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id.*  Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.*

Section 2254(d)(1) limits a federal court's habeas review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *Williams*, 529 U.S. at 412;  *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal

law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of a state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV.    Analysis

### A.    Double Jeopardy Claim

Petitioner first asserts that he is entitled to habeas relief because his convictions and sentences for CCW, felon in possession, and felony firearm violate state and federal double jeopardy principles.

6

The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. CONST. AMEND. V. The Double Jeopardy Clause provides three basic protections:  "[It] protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense."  *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted).  "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense."  *Shiro v. Farley*, 510 U.S. 222, 229 (1994) (citing *United States v. Wilson*, 420 U.S. 332, 339 (1975)).

In the context of multiple punishments, however, the Double Jeopardy Clause does not prohibit a state from defining one act of conduct to constitute two separate criminal offenses.  As the Supreme Court has explained, "[b]ecause the substantive power to prescribe crimes and determine punishments is vested with the legislature . . ., the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent."  *Ohio v. Johnson*, 467 U.S. 493, 499 (1984).  Thus, "even if the two statutes proscribe the same conduct, the Double Jeopardy Clause does not prevent the imposition of cumulative punishments if the state legislature clearly intends to impose them."  *Brimmage v. Sumner*, 793 F.2d 1014, 1015 (9th Cir. 1986).  When "a legislature specifically authorizes cumulative punishments under two statutes, . . . a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."  *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983).  In determining whether the a state legislature intended to authorize separate, cumulative punishments under the circumstances presented, the

Court "must accept the state court's interpretation of the legislative intent for the imposition of multiple punishments." *Brimmage*, 793 F.2d at 1015; *see also Hunter*, 459 U.S. at 368.

The Michigan Court of Appeals denied relief on this claim stating as follows:

Both the United States and Michigan constitutions protect a defendant from being placed twice in jeopardy, or subject to multiple punishments, for the same offense. US Const, Am V; Const 1963, art 1, § 15; *People v. Smith*, 478 Mich 292, 299; 733 NW2d 351 (2007). The double jeopardy protection against multiple punishments for the same offense is not a limitation on the Legislature's power to define crime and fix punishment. *People v. Calloway*, 469 Mich 448, 451; 671 NW2d 733 (2003). It is only a restriction on a court's ability to impose more punishment than intended by the Legislature. *Smith*, 478 Mich at 316; *Calloway*, 469 Mich 451. Thus, where the Legislature has expressed a clear intention to impose multiple punishments, imposition of those punishments does not violate the Constitution, even if two crimes are the same. *Smith*, 478 Mich at 316; *Calloway*, 469 Mich 451. But where the Legislature's intention to impose multiple punishments is unclear, a court must determine whether two offenses are the same under the *Blockburger*[FN1] "same elements" test. *Smith*, 478 Mich at 316. Under that test, two offenses do not constitute the same offense for purposes of the multiple punishment strand of double jeopardy if each requires proof of an element that the other does not. *Id*. at 305, 316.

FN1. *Blockburger v. United States*, 284 U.S. 299, 304; 52 S. Ct. 180; 76 L. Ed. 306 (1932).

The felony-firearm statute provides, in relevant part:

(1) A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223, section 227, 227a or 230, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this subsection, the person shall be imprisoned for 10 years. [MCL 750.227b(1) (emphasis added).]

As defendant correctly observes, he could not lawfully be convicted of felony-firearm on the basis of his commission of CCW, MCL 750.227, because the felony-firearm statute expressly provides that it does not apply to a violation of that statute. In this case, however, CCW did not serve as the underlying felony for defendant's felony-firearm charge. Rather, felon in possession of a firearm served as the predicate felony for the felony-firearm charge. A defendant properly may be convicted of both CCW and felony-firearm when CCW is not the

8

predicate of the felony-firearm offense. *People v. Sturgis*, 427 Mich 392, 410; 397 NW2d 783 (1986). The issue thus becomes whether defendant's protection from double jeopardy is violated by convictions for both felon in possession of a firearm and felony-firearm.

Our Supreme Court squarely addressed this exact issue in *Calloway*, 469 Mich. at 452, and concluded that multiple convictions for both felony-firearm and felon in possession of a firearm do not violate the double jeopardy protection against multiple punishments for the same offense. The Court explained:

> In considering MCL 750.227b in [*People v.*] *Mitchell*, [456 Mich. 693; 575 NW2d 283 (1998),] we concluded that, with the exception of the four enumerated felonies, it was the Legislatures intent "to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than those four explicitly enumerated in the felony-firearm statute." *Id*. at 698.

> We follow ... our *Mitchell* opinion in resolving this matter. Because the felon in possession charge is not one of the felony exceptions in the statute, it is clear that defendant could constitutionally be given cumulative punishments when charged and convicted of both felon in possession, MCL 750.224f, and felony-firearm, MCL 750.227b. Because there is no violation of the double jeopardy clause, the Court of Appeals properly affirmed defendant's convictions. [*Calloway*, 469 Mich. at 452.]

The Supreme Court's decision in *Calloway* is based on its conclusion that the Legislature intended to permit cumulative punishment for both felon in possession of a firearm and felony-firearm. This ends the double jeopardy inquiry and it is not necessary to determine whether the two offenses are the same offense under the *Blockburger* test. *Calloway*, 469 Mich at 451.

Accordingly, because defendant's convictions for felon in possession of a firearm and felony-firearm do not violate the double jeopardy protection against multiple punishments for the same offense, and because defendant properly may be convicted of both CCW and felony-firearm where another felony is the predicate for the felony-firearm offense, we reject defendant's argument that his cumulative punishments for CCW, felon in possession of a firearm, and felony-firearm are not constitutionally permitted. There is no error, plain or otherwise.

*Wilcox*, 2014 WL 1004234 at *1-2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof.  First, to the extent that Petitioner asserts a violation of Michigan law or the Michigan Constitution, he is not entitled to relief.  Such a claim is not cognizable on federal habeas review because it is a state law claim.  *See Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000).  State courts are the final arbiters of state law and the federal courts will not intervene in such matters.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).  Habeas relief does not lie for perceived errors of state law.  *Estelle v. McGuire*, 502 U.S. 62,  67-68 (1991).  Petitioner thus fails to state a claim upon which relief may be granted as to any such claim.

Second, Petitioner's federal double jeopardy rights were not violated.  The Michigan Supreme Court, in light of the language of this section and the legislative history, has concluded that "the Legislature's intent in drafting the felony-firearm statute was to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than those four explicitly enumerated in the felony-firearm statute."  *People v. Mitchell*, 456 Mich. 693, 698, 575 N.W.2d 283 (1998).  In *People v. Calloway*, 469 Mich. 448, 671 N.W.2d 733 (2003), the Michigan Supreme Court followed *Mitchell* and specifically ruled that "[b]ecause the felon in possession charge is not one of the felony exceptions in the statute, it is clear that defendant could constitutionally be given cumulative punishments when charged and convicted of both felon in possession, MCL § 750.224f, and felony-firearm, MCL § 750.227b." *Id*. at 452.

Additionally, the Michigan Supreme Court, reviewing the legislative intent underlying the CCW and felony firearm statutes, has concluded that "felony-firearm and concealed weapon

offenses are distinct offenses which may be separately punished in a single trial when the concealed weapon offense is not the predicate of the felony-firearm offense." *People v. Sturgis*, 427 Mich. 392, 410, 397 N.W.2d 783 (1986); *see also People v. Dillard*, 246 Mich. App. 163, 170, 631 N.W.2d 755 (2001).  In this case, the felony firearm conviction was predicated on the felon in possession charge, not the CCW charge, such that no double jeopardy violation has occurred.  *See, e.g., People v. Poindexter*, No. 256477, 2005 WL 2897044 (Mich. Ct. App. Nov. 3, 2005) (finding no double jeopardy violation where defendant was convicted of all three offenses arising from one incident); *People v. Hamilton*, No. 249801, 2005 WL 1123608 (Mich. Ct. App. May 12, 2005) (same).  Moreover, the Michigan courts have also held that the state legislature intended to authorize multiple punishments for a single gun possession which violates both the CCW and felon in possession statutes.  *People v. Mayfield*, 221 Mich. App. 656, 661-62, 562 N.W.2d 272 (1997).

Given the foregoing cases, the state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law.  Whether punishments imposed are constitutional is essentially a question of legislative intent, and a state court's determination that a state legislature intended multiple punishments is binding on habeas corpus review. *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).  The Michigan courts have concluded that convictions for CCW, felon in possession, and felony firearm (predicated on the felon in possession charge) do not violate double jeopardy.  Because this determination is binding on federal habeas review, *see generally Bradshaw*, 546 U.S. at 76, Petitioner's double jeopardy claim lacks merit.  *See White v. Howes*, 586 F.3d 1025, 1032-33 (6th Cir. 2009) (imposition of multiple punishments under Michigan law for CCW, felon in possession, and felony firearm convictions did not violate double jeopardy); *Rodgers v. Bock*, 49 F. App'x. 596, 597 (6th Cir.

11

2002); *James v. Scutt*, No. 09-12738-BC, 2010 WL 3342312, *2 (E.D. Mich. Aug. 25, 2010)

(adopting magistrate judge's report and denying habeas relief on similar claim).

Further, even if this Court were free to independently determine whether the Michigan

legislature intended to authorize separate punishments under the circumstances presented, the

result would be the same. The Court concludes that the Michigan legislature intended to impose

multiple punishments for CCW, felon in possession, and felony firearm (predicated on felon in

possession, not CCW) such that Petitioner's convictions and sentences do not violate federal

double jeopardy protections. Habeas relief is therefore not warranted on this claim.

### B.      Sentencing Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court erred in

having his felony firearm conviction run consecutively to his CCW conviction. The Michigan

Court of Appeals addressed this issue on direct appeal and agreed with Petitioner that his felony

firearm conviction could not run consecutively to his CCW conviction and instead should run

concurrently with that conviction and consecutively to his felon in possession conviction. The

Michigan Court of Appeals remanded for such a correction to the judgment of sentence. *Wilcox*,

2014 WL 1004234 at *3. Petitioner thus received relief on this claim from the state appellate

court. There is no additional remedy available in federal court. Habeas relief is not warranted

on this claim.

### C.      Jury Instruction Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court failed to

instruct the jury on the mens rea element for the felon in possession charge, *i.e.* that he

knowingly possessed a firearm. The Michigan Court of Appeals denied relief on this claim

ruling that it was waived by defense counsel's affirmative acceptance of the jury instructions as

12

given.  The court also ruled, alternatively, that any error in instructing the jury on knowing

possession for the felon in possession charge did not affect Petitioner's substantial rights because

the trial court instructed the jury that Petitioner's knowledge of the gun was an essential element

for the CCW and felony firearm charges.  *Wilcox*, 2014 WL 1004234 at *3.

      Federal habeas relief may be precluded on claims that a petitioner has not presented to

the state courts in accordance with the state's procedural rules.  *Wainwright v. Sykes*, 433 U.S.

72, 85-87 (1977).  The doctrine of procedural default is applicable when a petitioner fails to

comply with a state procedural rule, the rule is actually relied upon by the state courts, and the

procedural rule is "adequate and independent."  *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir.

2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell,*

244 F.3d 533, 539 (6th Cir. 2001).  "A procedural default does not bar consideration of a federal

claim on either direct or habeas review unless the last state court rendering a judgment in the

case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Harris v.*

*Reed*, 489 U.S. 255, 263-64 (1989).  The last *explained* state court judgment should be used to

make this determination.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).  If the last state

judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied

upon the last reasoned opinion.  *Id*.

      Here, the Michigan Court of Appeals rendered the last reasoned opinion.  In denying

relief on this claim, the court relied upon a state procedural bar – Petitioner's acceptance of the

jury instructions as given – which the court found to constitute a waiver of this issue.  *Wilcox*,

2014 WL 1004234 at *3.  The failure to make a contemporaneous objection or request is a

recognized and firmly-established independent and adequate state law ground for refusing to

review trial errors.  *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People*

*v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). In this case, the Michigan Court of Appeals denied relief based on Petitioner's acceptance of the jury instructions, *i.e.,* his failure to object at trial.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). Petitioner neither alleges nor establishes cause to excuse this procedural default. A federal habeas court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Nonetheless, the Court notes that Petitioner cannot establish prejudice because his jury instruction claim lacks merit. In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned. Rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *Estelle*, 502 U.S. at 72; *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury applied the instruction improperly. *Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999). A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. *Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996). Also, the failure to give an instruction that is supported by the evidence does not automatically justify habeas relief – the failure to instruct must have rendered the trial fundamentally unfair. *Cupp v.*

14

*Naughten*, 414 U.S. 141, 147 (1973); *Daniels v. Lafler*, 501 F.3d 735, 741 (6th Cir. 2007). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson*, 431 U.S. at 155. State law instructional errors rarely form the basis for federal habeas relief. *Estelle*, 502 U.S. at 71-72.

In this case, the Michigan Court of Appeals specifically found that the trial court instructed the jury that Petitioner's knowledge of the gun was an essential element of the CCW and felony firearm charges. *Wilcox*, 2014 WL 1004234 at *3. Petitioner does not dispute this factual finding. Thus, any error in instructing the jury on the felon in possession charge was harmless beyond a reasonable doubt. The jury could not have convicted Petitioner of felon in possession, along with CCW and felony firearm, without finding that he knowingly possessed a gun. Moreover, the police testimony established that Petitioner discarded a gun as he fled the scene. Petitioner has not shown that the jury instructions, when considered as a whole, rendered his trial fundamentally unfair.

Petitioner has also not shown that a fundamental miscarriage of justice occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner makes no such showing. This claim is barred by procedural default, otherwise lacks merit, and does not warrant habeas relief.

### V.      Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims.  Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Slack*, 528 U.S. at 484-85.

Having conducted the requisite review, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims and that reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court **DENIES** certificate of appealability.

Lastly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith.  *See* FED. R. APP. P. 24(a).

> **IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 21, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 21, 2015.

s/Deborah Tofil
Case Manager